IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ROBERT STEWART,**
    **Petitioner,**

v.                            Civil Action No. 3:17-CV-109
                                    (GROH)

**JENNIFER SAAD, Warden,**
    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On September 5, 2017, the *pro se* Petitioner, Robert Stewart, an inmate at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence in light of the United States Supreme Court's decisions in Descamps v. United States, 133 S.Ct. 2276 (2013), Johnson v. United States, 135 S.Ct. 2551 (2015), Mathis v. United States, 136 S.Ct. 2243 (2016). ECF No. 1[1]. On the same date that he filed his petition, Petitioner filed a memorandum of law in support of thereof. ECF No. 1-1.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1] All ECF numbers cited herein are in the instant case, 3:17-CV-109, unless otherwise noted.

## II. Factual and Procedural History[2]

**A. Conviction and Sentence**

On May 23, 2013, in the United States District Court for the District of Maryland, an indictment was returned against Petitioner in Case No. 1:13-CR-262.  ECF No. 1.  Petitioner entered his plea on November 5, 2013[3], and was found guilty of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  ECF Nos. 21, 34.  On March 13, 2014, Petitioner was sentenced to 180 months in prison followed by five years of supervised release.  ECF Nos. 27, 35.  The sentence was based on Petitioner's base offense level of 30, criminal history category of VI, and the required mandatory minimum sentence under the Armed Career Criminal Act.  ECF No. 35 at 6:18 – 21, 7:4 – 12; 14: 7 – 9.  In finding that Petitioner had four qualifying convictions which made him an Armed Career Criminal, the sentencing court addressed each of the four predicate serious drug offenses: (1) as detailed in Paragraph 39 of the Pre-Sentence Investigation Report, the November 4, 2003, possession with intent to distribute cocaine, Circuit Court of Baltimore City case number 103318003; (2) as detailed in Paragraph 47 of the Pre-Sentence Investigation Report, the October 20, 2004, conspiracy to distribute cocaine, Circuit Court of Baltimore City case number 804356009; (3) as detailed in Paragraph 52 of the Pre-Sentence Investigation Report, the August 30, 2005, possession with intent to distribute cocaine, Circuit Court of

---

[2] The facts in sections II.A., II.B. and II.C. are taken from the Petitioner's criminal Case No. 1:13-CR-262 in the United States District Court for the District of Maryland, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

[3] The "Regular Sentencing Order" entered on November 6, 2013, states that the plea was entered on November 5, 2013.

2

Baltimore City case number 105263010; and (4) as detailed in Paragraph 55 of the Pre-Sentence Investigation Report, the December, 2005, possession with intent to distribute cocaine and conspiracy to possess with intent to distribute, Circuit Court of Baltimore City case number 206030057. ECF No. 35 at 7:16 – 8:14; 10:17 – 11:1; 12:1 – 18.

### B. Appeal

On March 14, 2014, Petitioner filed a notice of direct appeal with the Fourth Circuit Court of Appeals,[4] which on October 24, 2014, affirmed the Petitioner's conviction and sentence imposed by the District Court. ECF Nos. 29, 42.

### C. Motions to Vacate

On September 10, 2015, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the sentencing court. ECF No. 44. The District Court denied Petitioner's motion for relief under § 2255 on March 24, 2016. ECF No. 52. On May 22, 2017, Petitioner filed a second motion to vacate. ECF No. 53. On May 31, 2017, the District Court issued a memorandum opinion and order dismissing without prejudice the second motion to vacate for failure to obtain a certificate of appealability from the Fourth Circuit. ECF Nos. 54, 55.

### D.     Instant § 2241 Petition

The instant § 2241 petition was filed on September 5, 2017. ECF No. 1. Petitioner claims that his petition concerns both his conviction and his sentence, specifically, his designation as an Armed Career Criminal. ECF Nos. 1 at 1, 1-1. The petition itself reads "N/A" in every space provided for grounds for relief. ECF No. 1 at 5 – 7. Instead, all claims are contained in the memorandum in support of the petition.

---

[4] In the Fourth Circuit, Petitioner's direct appeal was assigned docket number 14-4237.

ECF No. 1-1. Although not a model of clarity, the memorandum in support appears to assert that Petitioner's sentence should be vacated because he was improperly designated as an Armed Career Criminal, based on his convictions for possession with intent to distribute cocaine and conspiracy to distribute cocaine in the Circuit Court of Baltimore City. Id. at 2 – 3. Petitioner appears to argue that the categorical approach prevents his prior Maryland convictions from sustaining an Armed Career Criminal finding because the Circuit Court of Baltimore City "did not charge [him] with offering to sell controlled substances, but instead charged that he 'knowingly delivered' a controlled substance 'by actually transferring said controlled substance(s)." Id. at 4. Petitioner specifically cites the Supreme Court's decisions in Mathis v. United States, 136 S.Ct. 2243 (2016), and Descamps v. United States, 133 S.Ct. 2276 (2013), to support his claim that he was improperly designated as an Armed Career Criminal. ECF No. 1-1. It appears that Petitioner raises two grounds for relief: (1) his prior Maryland convictions were improper predicates for an Armed Career Criminal Act sentence enhancement; and (2) use of those predicate offenses to enhance his sentence resulted in the imposition of an unconstitutional sentence.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention after his previous § 2255 motion was unsuccessful. In his petition, he asserts that, "Johnson has been approved for review, if refused, under § 2241." ECF No. 1 at 9. As Petitioner does not appear to elaborate on this explanation in his memorandum in support, there is no other available information as to why he believes § 2255 is inadequate or ineffective to test the legality of his confinement.

4

In his petition, Petitioner requests that this Court: (1) remove the Armed Career Criminal sentence enhancement under <u>Mathis</u>, finding such an enhancement unconstitutional; and (2) "remov[e] the [p]redicate offense under <u>Descamps</u>". ECF No. 1 at 8. In his memorandum in support, Petitioner requests that his sentence be vacated, "holding he is not a Career Criminal pursuant to <u>Mathis</u> and [that he] be resentenced without the Career Criminal enhancement." ECF No. 1-1 at 11. Alternatively, Petitioner requests in his memorandum that he be granted an evidentiary hearing to demonstrate that his Maryland convictions do not meet the predicate requirements to find he is an Armed Career Criminal, or such other relief as the Court deems appropriate[5]. <u>Id.</u>

### III. Legal Standard

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[5] Petitioner appears to utilize "Career Offender" interchangeably with the term "Armed Career Offender". As Petitioner was sentenced as an Armed Career Offender, the undersigned will consider his requests as such.

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[7] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[7] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and *Jones* is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255

8

> motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

### IV. Analysis

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Petitioner's two grounds essentially allege one claim: that his sentence was improperly enhanced by the sentencing court. Neither of the claims relate to the execution of sentence or calculation of sentence by the BOP. Instead, both claims relate to the validity of Petitioner's sentence imposed in the District of Maryland, specifically that court's finding that Petitioner was an Armed Career Criminal, and the resulting 180 month mandatory minimum sentence. Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[8]

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. In his petition, Petitioner checked the box that indicates his petition concerns his conviction, however, he makes no claims

---

[8] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

within his petition or memorandum with regard to why his conviction was improper. ECF No. 1 at 1. Nonetheless, this Court construes his petition liberally, has analyzed his claims under the Jones standard, and has determined that Jones does not permit Petitioner permission to pursue his claim under the Savings Clause of § 2255. First, at the time of his conviction, November 5, 2013, settled law of this Circuit and of the Supreme Court established the legality of his conviction for possession of a firearm and ammunition by a convicted felon. Second, subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law has not changed such that the conduct of which Petitioner was convicted is deemed not to be criminal. Although the Supreme Court invalidated the residual clause of 18 U.S.C. § 924(e)(2)(B)(i), it did not invalidate the remainder of the statute. Petitioner's sentence was not enhanced because of any prior violent felony under § 924(e)(2)(B)(i), but rather as a result of prior serious drug offenses, as the term is defined in 18 U.S.C. § 924(e)(2)(A), which was not invalidated in either Johnson or Mathis. Third, because Petitioner cannot satisfy either of the first two prongs of Jones, this Court need not consider whether he can satisfy the gate-keeping provisions of § 2255. This Court notes that Johnson v. United States, 135 S.Ct. 2551 (2015), held that the residual clause of § 924(e)(2)(B)(ii) of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was void for vagueness, thereby invalidating any increased sentenced imposed under that subsection. The United States Supreme Court in Welch v. U.S., 136 S.Ct. 1257 (2016), held that its holding in Johnson was retroactive and provided that any prisoner who was sentenced under the residual clause of the ACCA could file a § 2255 petition to seek relief. Further, because the Supreme Court announced that Johnson was a new rule of constitutional law made retroactive on

collateral review, Petitioner could not have demonstrated that § 2255 was inadequate or ineffective to test the legality of his detention, after he met the gate-keeping provisions of § 2255.  Thus, instead of seeking relief from this Court pursuant to § 2241 regarding the ACCA, Petitioner, should instead have sought authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion based on that new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  However, petitions had to be filed by June 26, 2016.

Given the timing of Petitioner's conviction and sentence as an Armed Career Criminal, he in fact could have filed a motion to vacate under § 2255 because the Johnson decision was deemed to be retroactive in Welch.  As a motion pursuant to § 2255 was available, a § 2241 petition is not the appropriate action to contest an ACCA sentence enhancement.  Further, it is now time barred.

In regard to Petitioner's challenge to his sentence, the Court must review the petition which contests the imposed sentence under the four-part Wheeler test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed.  However, Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review.  Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

Petitioner nominally asserts [ECF No. 1 at 9] that he is entitled to relief under Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015), in which the Supreme Court struck the residual clause of the ACCA for being unconstitutionally vague in violation of

11

the Due Process Clause of the Fifth Amendment. The only portion of the ACCA that was invalidated[9] was the residual clause of 18 U.S.C. § 924 which defines "violent felony" as any crime punishable by more than one year in prison "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . " 18 U.S.C. § 924(e)(2)(B)(ii). Moreover, in order to be entitled to raise a <u>Johnson</u> argument regarding the invalidity of the residual clause of 18 U.S.C. § 924, Petitioner must first have demonstrated that he was sentenced under the ACCA as a violent felon. He was not. Rather, Petitioner was sentenced under the ACCA as a person with at least three prior qualifying serious drug offenses. Petitioner's four qualifying predicate offenses were detailed in the Pre-Sentence Investigation Report and summarized by the sentencing court:

> Paragraph 39 refers to events of November 4, 2003, involving possession with intent to distribute cocaine. The defendant pled guilty to that offense, according to the Presentence Report, on April 14 of 2004. He was sentenced to 5-years imprisonment, of which 4 years 7 months and 10 days were suspended. He later violated his probation that he was placed on at that time, of 3 years. . .
>
> In Paragraph 47, it refers to an offense of October 20, 2004 involving conspiracy to distribute cocaine. The defendant pled guilty to that offense on December 22nd of 2004 and ultimately, in January of '05, was sentenced to 6-months imprisonment.
>
> In August, on or about August 30 of 2005, Paragraph 52 refers to this particular offense. It is possession with intent to distribute cocaine. On February 26, '07, according to the

---

[9] The provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive . . ." remain in full force and effect as well. 18 U.S.C. § 924(e)(2)(B).

> Presentence Report, he pled guilty to that offense and was sentenced to 3 years of imprisonment.
>
> And in December of '05, Paragraph 55 refers to yet another predicate, possession with intent to distribute cocaine. And on February 26 of '07, the defendant pled guilty to that offense, and also to conspiracy to possess with intent to distribute.

D.Md. 1:13-CR-262, ECF No. 35 at 14, 7 – 8. None of Petitioner's prior offenses were for violent felonies, rather, all were for felony drug offenses. Accordingly, Johnson affords him no relief. Finally, even if Johnson were applicable to Petitioner's situation, he failed to file a timely § 2255 motion to vacate by June 26, 2016.

Petitioner's reliance on Mathis is also misplaced, because the Supreme Court in Mathis unequivocally stated that it was not announcing a new rule and that its decision was dictated by decades of precedent. 136 S.Ct. at 2257. Moreover, the holding of Mathis has not been held to be retroactive to cases on collateral review. Walker v. Kassell, 726 Fed. Appx. 191, 2018 WL 2979571 (June 13, 2018). Because Mathis does not announce a new rule of law, and is otherwise irrelevant to the determination of whether Petitioner can assert his claims under § 2241, Petitioner cannot meet the second prong of Wheeler. It is clear that Petitioner attacks the validity of his sentence, but fails to establish that he meets all four of the Wheeler requirements. Accordingly Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241.

For all the above reasons, Petitioner's claims raised under § 2241 seek relief that is instead properly considered under § 2255. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-

matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:	September 28, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE